LÓPEZ, PLAINTIFF AND APPELLEE, *v.* CENTRAL VANNINA, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2117.—Decided February 28, 1920.

APPEAL—COSTS—JUDGMENT.—The Supreme Court of Porto Rico reversed the judgment of the district court. On appeal the Circuit Court of the United States reversed the judgment of the Supreme Court of Porto Rico. The question arose as to what law should be applied in interpreting the award of costs in the judgment and it was held that as the original judgment of the district court was finally affirmed, the law applicable was the law in force when that judgment was rendered.

The facts are stated in the opinion.

*Mr. D. Monserrat, Jr.,* for the appellant.

*Mr. L. Muñoz Morales* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer and the question for decision is the award of costs, disbursements and attorney fees. The District Court of San Juan dismissed the complaint, "imposing the costs" upon the plaintiff. The plaintiff appealed and this court reversed the judgment and sustained the complaint. The defendant then appealed to the United States Circuit Court and that court adjudged as follows:

"The judgment of the Supreme Court of Porto Rico is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant."

The mandate having been received, this court only passed it down to the district court which rendered the original judgment. The matter being then before that court, the defendant filed a memorandum of costs containing the following items: Fees of the clerk, $5; fees of the witnesses, $12; internal revenue stamps for certifying the appeal to Boston, $56.61; preparation of the appeal and cost of stenographer's work, translations, etc., $250; attorney fees, $5,000. Total, $5,323.61.

The plaintiff objected to the memorandum, with the exception of the item of $5 for fees of the clerk, and after a hearing the district court entered its ruling, the pertinent parts of which are as follows:

"*Second:* As to the items of fifty-six dollars ($56.00) for internal revenue stamps for the appeal to Boston and of two hundred and fifty dollars ($250.00) for the preparation of the appeal, cost of stenographer's work, translations, etc., the court holds that it has no jurisdiction because they refer to expenses incurred in the appeal to the Circuit Court of Boston, which court has taxed the costs of that appeal, as the only court having authority to do so. Therefore the objection is sustained.

"Aside from this, the judgment entered in this case on February 10, 1917, imposed the costs upon the plaintiff, without mentioning expenses and disbursements; and in accordance with the jurisprudence laid down by the Supreme Court of Porto Rico, the word 'costs' in this case, under the law in force when the judgment was entered, that is, the Act of March 12, 1908, must be given a restricted construction.

"*Third:* As to the item of five thousand dollars ($5,000) for attorney fees, the court sustains the objection and holds that the plaintiff should not pay this item. The judgment was entered on February 10, 1917, and is governed by the Act of March 12, 1908, section 327 of the Code of Civil Procedure and the doctrine laid down by our Supreme Court in *Veve* v. *Municipality of Fajardo,* 18 P. R. R. 738. The judgment entered on the said date in this case concluded by imposing the costs upon the plaintiff, and did not specially mention attorney fees."

The defendant thereupon took the present appeal, assign-

ing two errors in its brief, as follows: That committed by the court in considering itself without jurisdiction of the items of $56.61 and $250; and in not applying the acts of April 12 and November 19, 1917, to these items and to that for attorney fees.

1. Subdivisions 4 and 6 of Rule 31 of the Circuit Court of Appeals for the First Circuit provide that "The cost of the transcript of the record from the court below shall be taxable in that court as costs in the case" and that "When costs are allowed in this court, it shall be the duty of the clerk to insert the amount thereof in the body of the mandate, or other proper process, sent to the court below, and annex to the same· the bill of items taxed in detail." 26 P. R. R. LXXII.

It does not appear whether the plaintiff asked that the disbursements now claimed should be included in the mandate to which the foregoing rule refers, nor do we know whether the question raised here has been disposed of in any manner by the Circuit Court in this or in any other case from Porto Rico.

The award of costs by the judgment of the Circuit Court clearly refers only to the costs of appeal, which apparently have been already taxed and paid, and the refusal of the district court to order the payment of the disbursements is sustained on any of the following grounds: If the costs were such as should have been included in the mandate of the Circuit Court, the defendant did not assert its right in time; if the disbursements in question were made "under the authority of the Supreme Court of Porto Rico," as the appellant maintains, section 8 of the Code of Civil Procedure does not allow their recovery, and, lastly, if the claim for the disbursements is based by the defendant on the judgment originally obtained in its favor in the district court, that judgment did not impose upon the plaintiff the payment of any disbursements, but was limited to the costs.

2. With what we have said we have expressed our opinion

with regard to the second assignment. It only remains to explain that opinion.

We agree with the jurisprudence cited by the appellant to the effect that the reversal of a judgment completely destroys it, but here the reversal of the judgment of the District Court of San Juan by the judgment of this court did not so operate on account of the appeal taken from the latter to the Circuit Court and the action taken by the said court. The judgment which finally stood was the one entered by the district court. And that being the case, in order to execute it award of costs it is necessary to apply the law in force at the time when the award was made, that is, February 10, 1917. That is the law cited by the district court in its decision above transcribed, and it has been construed by this court as follows:

"A judgment which provides for the payment of costs only refers to the costs alone and not to the disbursements and attorney's fees, because, judgments carrying costs as well as laws relative to costs should be construed strictly.

"Attorney's fees as well as disbursements are demandable only when the judgment which sentences a party to the payment of costs expressly includes the payment of disbursements and attorney's fees. When a judgment sentences a party to the payment of costs only, attorney's fees and disbursements cannot be claimed as part of the costs." *Veve* v. *Municipality of Fajardo,* 18 P. R. R. 738; *Gandía* v. *Pizá Hermanos, Ltd.,* 19 P. R. R. 34, 38.

The laws invoked by appellant are of a later date than the judgment from which its rights are derived and can not be applied in its favor.

For all of the foregoing we are of the opinion that the appeal must be dismissed and the order appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.